TIMOTHY COURCHAINE
United States Attorney
District of Arizona

PARKER STANLEY
Arizona State Bar No. 033276
Assistant U.S. Attorney
123 N. San Francisco Street, Suite 410
Flagstaff, Arizona 86001
Telephone:  928-274-4592
Email: parker.stanley@usdoj.gov
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | 3:24-CR-08161-SPL-1 |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT** |
| Hugo Francisco Medina-Saenz, | |
| Defendant. | |

The United States, through undersigned counsel, hereby submits its Sentencing Memorandum, respectfully requesting this Court accept the plea agreement and follow the recommendation of the presentence writer and commit Defendant to the Bureau of Prisons for time served.  This recommendation is based on the reasons set forth below and those provided in the Final Presentence Reports (Doc. 103 in 3:25-CR-08001-DWL-1). Undersigned counsel concurs with the applicable guidelines calculation, except for the application of U.S.S.G. § 2B1.1(b)(15)(B) and the calculation of loss under U.S.S.G. § 2B1.1(b)(1).

The United States asks that the Court adopt the Presentence Investigation Report findings that Defendant was an average participant.  Defendant argues in their Objection to the Draft Presentence Investigation Report that given Defendant was only involved in the transportation of stolen goods that he should be considered a minor participant (Doc.

31 in 3:25-CR-08001-DWL-4). While there is insufficient evidence to conclude that Defendant was involved in the initially stopping of the train or the unloading of the goods from the train, the evidence supports that Defendant was involved in the loading of the boxes into the van which he was driving as well as the transportation of the goods from the scene of the theft. Prior to law enforcement stopping the van Defendant was driving, a BNSF employee witnessed three vehicles, including Defendant's van, at the rear of the target train. Shortly after, when Defendant was stopped in the van filled with stolen shoes, law enforcement noted that Defendant was filthy, which is common for thefts of this nature since it requires defendants to load boxes from the dirt and brush into the awaiting vehicles. Though this does not prove that Defendant planned the burglary nor stopped the train, it is certainly enough evidence to conclude that Defendant helped load the stolen goods prior to transporting them.

Proper application of the three-step test for U.S.S.G. § 3B1.2 supports the Presentence Report's finding that Defendant was an average participant. *United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022). For the first step, the District Court must determine "all individuals for whom there is sufficient evidence of their existence and participation in the overall scheme." *Id* at 965. However, the District Court need only include actual participants and is not required to include unidentified participants that may hypothetically exist. *Id.* In this case, participants for whom there is sufficient evidence includes Defendant, the drivers of the other vehicles, those who unloaded the shoes from the train, and those who stopped the train. It is possible that some or all of these steps were perpetrated by the same people.

In determining the average levels of culpability of the identifiable parties, Defendant is not substantially less culpable than the average participant in this scheme. Stopping the train, unloading the goods, loading the goods into vehicles, and transporting the goods are all relatively equal in terms of culpability. There is no evidence to suggest that other participants had a greater knowledge of the scope and structure of the theft nor played a greater part in planning the theft. Defendant's understanding of the scope of the crime and

role in planning was not substantially less than that of the other participants.

Defendant's participation in the crime was also equal to the other identifiable participants. Defendant loaded the stolen product and then transported the stolen product. While the nature of the initial removal of the shoes from the train was different from Defendant's actions, there is no evidence that the initial removal was substantially more culpable than Defendant's actions. Lastly, there is no evidence showing Defendant stood to gain substantially less than the other participants from the theft of the shoes. Defendant stated he was going to be paid $200 for his part in the theft. With no other evidence regarding the compensation the other participants were expecting, it cannot be said that Defendant's portion would have been substantially less. Therefore, Defendant's conduct in this crime makes him an average participant.

For the reasons stated in Defendant's Objection, the United States agrees that there is not sufficient evidence to show that Defendant is involved in an "ongoing, sophisticated operation." U.S.S.G. § 2B1.1(b)(15), Note 12. While there is evidence showing these reoccurring train burglaries are often planned and carried out by sophisticated means, there is not sufficient evidence to show that Defendant has been involved in an ongoing scheme. Additionally, ongoing investigation into these train burglaries suggest there is likely more than one group running these kinds of schemes. Without more evidence, is it impossible to determine if the group Defendant coordinated with has been running an ongoing scheme.

Lastly, for the reasons stated in Defendant's Objection, the United States agrees that the wholesale value of the stolen shoes ($29,256) and not the retail value should be used to determine the loss under U.S.S.G. § 2B1.1(b)(1)(D).  The United States was provided the wholesale value of the shoes and has provided those values to Defendant and Probation. Nike also stated the shoes in question were being shipped to a retailer who would have paid the wholesale price of the shoes to Nike. Given that new information, the United States agrees that an additional 4-points should be assessed for the total loss.

For all these reasons, the United States respectfully requests that this Court follow the recommendation of the presentence writer and commit Defendant to the Bureau of

Prisons for time serve.

Respectfully submitted this 27th day of May 2025.

TIMOTHY COURCHAINE<br>
United States Attorney<br>
District of Arizona<br><br>
*s/Parker Stanley*<br>
PARKER STANLEY<br>
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants: Molly Runkle, Counsel for the Defendant; and Rebecca Briggs, United States Probation Office.

*s/Parker Stanley*
PARKER STANLEY
Assistant U.S. Attorney